UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIVIAN HILL,<br><br>                              Plaintiff,<br><br>          -against-<br><br>NYC DEPT. OF HEALTH & MENTAL<br>HYGIENE; MENTAL HYGIENE LEGAL<br>SERVICES,<br><br>                              Defendants. | 22-CV-7203 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Vivian Hill, who is appearing *pro se*, brings this action asserting claims against

the Department of Health & Mental Hygiene of the City of New York ("DOHMH")[1] and New

York State's Mental Hygiene Legal Service ("MHLS"). She alleges that Defendants violated her

rights in connection with an Assisted Outpatient Treatment ("AOT") plan and during proceedings

in which MHLS has represented her. Plaintiff seeks an emergency order barring DOHMH from

enforcing her AOT plan and interacting with her. She also seeks an order barring MHLS from

representing her as her attorney. Finally, she requests that the Court grant her application

requesting the appointment of *pro bono* counsel in this action.

By order dated August 24, 2022, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court

dismisses Plaintiff's claims against MHLS under the Eleventh Amendment and grants Plaintiff

60 days to file an amended complaint against DOHMH. The Court also denies Plaintiff's request

---

[1] DOHMH has the capacity to be sued under the New York City Charter. *See* N.Y. City
Charter ch. 22, § 564.

for injunctive and declaratory relief, as well as her request for the appointment of *pro bono*

counsel.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough

facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow

the Court to draw the inference that the defendant is liable for the alleged misconduct. In

reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true

"[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are drawn from the complaint.[2] Since 2017, Defendants have "illegally withheld Vivian Hill's medical records . . . denying HIPAA and Patients Rights petitions[.]" (ECF 2, at 8.) Defendants also "maliciously denied discovery and prohibited Vivian an agent's support and legal document rights . . . [which] precluded an adequate defense, getting able counsel, and prevented proper medical treatment and monitoring – adversely affecting Plaintiff's health and welfare." (*Id.*) She asserts that "defendant's petitioners didn't establish (a good/valid clinical or legal relationship) and never met the Plaintiff in the first instance." (*Id.* at 9.) "At other times, attorneys amongst the defendants fraudulently alleged to represent Plaintiff without her permission – to the detriment and benefit of her adversaries." (*Id.*)

Plaintiff contends that she was "discriminated against and (retaliated) by the defendants for filing written complaints and seeking justice from racial discrimination based upon her being Afro-American, elderly, and partially disabled." (*Id.*)

Plaintiff previously brought a similar complaint, alleging many of the same allegations. *See Ann (Hill) v. Wiviott*, ECF 1:21-CV-9210, 2 (S.D.N.Y. Feb. 22, 2022). The Court granted Plaintiff leave to file an amended complaint. *See* ECF 1:21-CV-9210, 6. Plaintiff did not file an amended pleading, and the Court dismissed the action for failure to state a claim on which relief may be granted. *See* ECF 1:21-CV-9210, 7.

---

[2] All grammar, spelling and punctuation are as in the original.

## DISCUSSION

### A.      Mental Hygiene Legal Service

MHLS is "a state-funded legal services agency under the direction of the New York State Office of Court administration." *Fiske v. Letterman*, 401 F. Supp.2d 362, 378 (S.D.N.Y. 2005). "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Eleventh Amendment immunity bars claims for monetary damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). MHLS enjoys Eleventh Amendment immunity from lawsuits because the Office of Court Administration "is an arm of the state," *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999).

Here, Plaintiff's claims against MHLS are barred under the Eleventh Amendment. For the same reason, this Court cannot order the injunctive relief Plaintiff is seeking, that is, an order barring MHLS from representing her. Thus, the Court dismisses Plaintiff's Section 1983 claims against MHLS and denies her request for injunctive relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### B.      Department of Health & Mental Hygiene

Plaintiff asserts claims against DOHMH in connection with her AOT plan. As explained below, these claims may be brought against this municipal organization only if Plaintiff can show

4

that DOHMH implemented a policy, custom, or practice that caused Plaintiff to suffer a

constitutional harm.

When a plaintiff sues a municipal organization under Section 1983, it is not enough for

the plaintiff to allege that one of the municipality's employees or agents engaged in some

wrongdoing. The plaintiff must show that the municipality itself caused the violation of the

plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or

other local government may be liable under this section [1983] if the governmental body itself

'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such

deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692

(1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

To state a Section 1983 claim against a municipality, the plaintiff must allege facts

showing: (1) the existence of a municipal policy, custom, or practice, and (2) that the policy,

custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town

of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,*

520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff complains of her AOT plan, interactions between her and DOHMH employees,

and alleged discriminatory practices. She does not, however, state facts describing any conduct

on the part of DOHMH or how that conduct amounted to a violation of one of her constitutional

rights. For example, she states that DOHMH employees failed to establish a relationship with

her, but she does not state facts suggesting that this alleged failure amounted to a municipal

policy, custom, or practice that resulted in the violation of Plaintiff's constitutional rights. As for

her allegation that DOHMH discriminated and retaliated against her for filing complaints, she

does not state facts describing this alleged discrimination or retaliation. Plaintiff therefore fails to

state a claim against DOHMH or state facts showing that she is entitled to any injunctive relief regarding her AOT plan.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

The Court grants Plaintiff 60 days' leave to file an amended complaint against DOHMH because Plaintiff may be able to state facts in support of a claim against this municipal defendant. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide:

1. a short and plain statement of the relevant facts supporting her claims against DOHMH.

2. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

   a. the names and titles of all relevant people;

   b. a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

   c. a description of the injuries Plaintiff suffered; and

    d.  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims against MHLS under the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-7203 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court denies Plaintiff's request for injunctive relief (ECF 5, 7) and directs the Clerk of Court to terminate the two motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    October 17, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
                                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                    Middle Initial          Last Name

_____
Street Address

_____
County, City                          State                   Zip Code

_____          _____
Telephone Number                      Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.