UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIVIAN HILL,

                Plaintiff,

-against-

NYC DEPT. OF HEALTH & MENTAL HYGIENE, et al.,

                Defendants.

22-CV-7203 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated October 17, 2022, the Court dismissed Plaintiff's claims against Defendant Mental Hygiene Legal Services ("MHLS") under the Eleventh Amendment and granted Plaintiff 60 days to file an amended complaint against the New York City Department of Health & Mental Hygiene ("DOHMH"). The Court also denied Plaintiff's request for injunctive and declaratory relief. (ECF 5, 7.)

      Before the court's Clerk's Office docketed the October 17, 2022, order to amend, Plaintiff had filed a motion on September 30, 2022, titled "order to show cause and restraining order (new evidence)." (ECF 8.) This motion asserted additional facts in support of Plaintiff's claims, set forth in her original pleading.[1] After the order to amend was docketed, Plaintiff filed two new orders to show cause. First, on October 26, 2022, she filed an "order to show cause for the court to comply with Rule 63," claiming that "a court clerk cannot unilaterally remove a judge from a court case." (ECF 10.) Plaintiff contends that the undersigned cannot issue orders in this case because it has "self-recused." (*Id.* at 2.) Second, on October 30, 2022, Plaintiff moved to stay the

---

[1] A review of this proposed order to show cause does not suggest that it should be construed as an amended complaint.

proceedings "while the Rule 63 matter gets appealed." (ECF 11, at 1.) On February 12, 2023, Plaintiff filed a notice of interlocutory appeal, challenging both the order to amend and the recusal matter. (ECF 12.) That appeal is pending. *See Hill v. NYC Dep't of Health & Mental Hygiene*, No. 23-182 (2d Cir.).

On March 16, 2023, the United States Court of Appeals for the Second Circuit denied a separate petition for a writ of mandamus. (ECF 13); *In re: Vivian Hill*, No. 22-2430 (2d Cir., mandate issued 3/16/23).

The Court construes Plaintiff's October 26, 2022, order to show cause regarding recusal, as a motion for recusal, and denies the motion. The Court also denies Plaintiff's October 30, 2022, request to stay the proceedings, pending appeal, as moot.[2]

## DISCUSSION

Plaintiff asserts that the Court has "self-recused." The Court has not "self-recused," but for the purposes of clarity, construes Plaintiff's October 26, 2022, motion as a motion for recusal.

A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

---

[2] The Court retains jurisdiction to rule on these motions because they were filed before Plaintiff filed her interlocutory appeal. Ordinarily, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Here, this rule does not apply.

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]").

In rare circumstances, judicial "opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the [court] proceedings, or of prior proceedings," may be the basis of a recusal motion, but only if those opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555 (1994).

Plaintiff challenges the Court's October 17, 2022, order to amend because the Court dismissed the claims against MHLS and required Plaintiff to file an amended complaint. Plaintiff claims that "[a] plaintiff must get fair treatment with the court abiding by the law to appoint a new judge, and the need for amendments is then determined." (ECF 10, at 2.) She asserts that "[t]he Due Process clauses of the United States Constitution require judges to recuse themselves from cases: Where there is a strong possibility that the judge's decision will be biased." (*Id.*) Plaintiff concludes that "[a]cknowledging the facts and based upon her dismissals of this case twice in the past, [J]udge Laura Taylor [Swain] rightfully self-recused."[3] (*Id.*)

---

[3] Plaintiff has been a party to various cases that have been dismissed. Several of these cases have been filed by Harry Warren, Jr., on behalf of himself and his wife—under the names Vivian Hill and Ann V. Hill. For example, the Honorable Louis L. Stanton barred Warren from filing any new action in this District *in forma pauperis*, without first obtaining leave to file, based on his history of improperly filing matters on Hill's behalf. *See Warren v. Columbia*

Plaintiff's assertion that the Court shows bias is merely an assertion; the undersigned did not grant Plaintiff leave to amend, or dismiss claims under the Eleventh Amendment, because of any bias or impropriety. These orders were issued because Plaintiff failed to state a claim against DOHMH and because MHLS was immune from suit under the Eleventh Amendment.

Plaintiff states no facts suggesting that the undersigned "displayed a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Any reasonable and objective observer would perceive Plaintiff's dissatisfaction only with the Court's rulings. If Plaintiff is dissatisfied with the Court's rulings, she is free to appeal them to the Court of Appeals, as she has already done. *See Liteky*, 510 U.S. at 555 (noting that "[a]lmost invariably, [judicial rulings] are proper grounds for appeal, not for recusal").

As there is no need for the undersigned to recuse herself from this action, the Court denies Plaintiff's motion seeking the Court's recusal.

---

*Presbyterian Hosp.*, ECF 1:18-CV-3697, 10 (S.D.N.Y. Nov. 7, 2018) (imposing filing injunction in part because of Warren's history of asserting "claims on behalf of Vivian Hill."); *Hill v. Mt. Sinai Hosp.*, ECF 1:21-CV-5932, 5 (LTS) (S.D.N.Y. Aug. 2, 2021) (*Hill II*) (dismissing complaint filed by Warren on Hill's behalf, without prejudice to Hill filing her own complaint). One month after the Court dismissed the *Hill II* complaint, Warren filed on behalf of himself and Hill a notice of removal, in the District of New Jersey, seeking to remove two New York State court actions. *See Hill and Warren v. Mt. Sinai*, No. 21-CV-16641 (D. N.J. Dec. 7, 2021) (dismissing action "without prejudice to refiling in the proper manner in the proper forum"). In an earlier complaint, filed in the Eastern District of New York, Warren brought claims regarding alleged excessive fees to store Hill's property, in violation of the Fair Debt Collection Practices Act. *See Warren v. Triple Crown Maffucci Storage*, No. 18-CV-1310 (E.D.N.Y. Apr. 11, 2018) (dismissing complaint without prejudice because Warren improperly asserted claims on Hill's behalf; imposing a filing injunction against Warren; and warning Warren that he could face monetary and other sanctions if he continued to engage in vexatious litigation). Although these cases are not explicitly referenced in Plaintiff's submission, the Court presumes that Plaintiff is referring to these past cases.

## CONCLUSION

Plaintiff's motion for the Court's recusal (ECF 10) is denied. Plaintiff's motion to stay the proceedings is denied (ECF 11) as moot. The Court denies Plaintiff's motion for the appointment of *pro bono* counsel (ECF 3), without prejudice to renewal following her filing of an amended complaint. Finally, the Court denies Plaintiff's motion seeking a restraining order (ECF 8) without prejudice to her seeking any such relief when this Court retains jurisdiction of this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 4, 2023
       New York, New York

                                                   /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                                   Chief United States District Judge